UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | |
|---|---|
| MAYFLOWER TRANSIT, LLC ) | |
| ) | |
| Plaintiff, ) | Case No. 4:23-cv-00708 |
| ) | |
| v. ) | |
| ) | |
| BRENDAMOUR MOVING & STORAGE, ) | |
| LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF LOGISTICS, LLC'S MOTION TO DISMISS
COUNTS I AND II OF PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION**

*ARGUMENT*

How did Logistics, LLC "purposely avail itself of the privilege of conducting activities in the [State of Missouri]" such that it "should reasonably anticipate being haled into court there"? What specifically did it actually do? That is the "central question" now before the Court, and it is Mayflower's burden to provide an answer. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003) (citing *Burger King*, 471 U.S. at 475; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)). *See Memo. in Support of Logistic, LLC's Motion, p. 3.*

Mayflower hopelessly fails to do so. In its Opposition, Mayflower says nothing about what Logistics LLC did to "participate" or "assist" in the alleged "fraudulent scheme." *First Amend. Complaint, ¶s 3, 26, 32, 36; Opposition, pp. 1, 4*. No specific act or conduct is identified. Not a single email, invoice, or phone call is alleged. Without identifying any conduct that Logistics, LLC directed toward the State of Missouri, the First Amended Complaint clearly lacks what this Court needs before exercising jurisdiction over Logistics, LLC. *Pecoraro*, 340 F.3d at 562.

1

Mayflower apparently recognizes the deficits of its pleading, and so to find a way around this deficiency, Mayflower generously offers in its Opposition to take everyone on a fishing trip. Mayflower suggests that the parties conduct "jurisdictional discovery" in order to "look beyond the pleadings to determine whether jurisdiction exists…." *Opposition, pp. 6-7*.

We would be glad to join Mayflower on this expedition; however, before doing so, we respectfully point out that the uncontroverted facts before the Court show that it would be a pointless and costly waste of time and money. The fact is that Logistics, LLC "ceased operations more than ten (10) years ago," and it has never done any business with Mayflower or anyone else in the State of Missouri." *Owens Affidavit, ¶s 4-8, Exhibit A to Logistics, LLC's Motion*.

This testimony comes from a witness who actually has personal knowledge about what Logistics, LLC was, what it did, where it did it, when it did it, and how it did it. *Owens Affidavit, Exh. A*. In its Opposition, Mayflower offers no countervailing testimony. This is because none of Mayflower's employees ever worked with or had any contact with Logistics, LLC. *Owens Affidavit, Exh. A*. This explains why Mayflower in its Opposition submits no affidavit, testimony, or other evidence from any witness with personal knowledge of any contacts or business dealings between Mayflower and Logistics, LLC. *Opposition, pp. 1-9*.

Rather than rely upon the personal knowledge of any of its employees or witnesses, Mayflower instead relies upon an Affidavit prepared and signed by one of the attorneys Mayflower hired for this lawsuit. *Affidavit of Christine Schlegl, Exhibit 1 to Opposition*. Schlegl's testimony lacks foundation and is inadmissible hearsay. Moreover, nothing in the Schlegl Affidavit suggests Logistics, LLC ever dealt with Mayflower. Schlegl instead merely points out that Logistics, LLC is still registered as a limited liability company with the Ohio Secretary of State. *Schlegl Aff. ¶ 8*. Critically, this is evidence only of a business registration in Ohio, not of any business operations

in Missouri or anywhere else. The fact that Logistics LLC has maintained its Ohio business registration does nothing to support jurisdiction in the State of Missouri.

In her Affidavit, Schlegl also identifies the results of "a google search," a registered trademark listed as "© Brendamour Logistics. All Rights Reserved. 2023," and a photograph of a "Brendamour Logistics' truck." *Schlegl Aff. ¶s 2-7, exhibits 1, 2, 3, 4 to Schlegl Affidavit; Opposition, p. 7.* In her Affidavit, Schlegl testifies – under oath – that all of this evidence comes from "the website for **Brendamour Logistics, LLC**." *Schlegl Aff. ¶s 3, 4, 5 (emphasis added).* Yet, none of the materials attached to the Affidavit say anything about "Brendamour Logistics, LLC." How does Christine Schlegl, a Missouri licensed attorney hired by Mayflower, know that the materials attached to her Affidavit came from "the website of Brendamour Logistics, LLC" rather than from a website owned by Defendant Brendamour Moving & Storage, Inc.? That may be a question worth pursuing in the "jurisdictional discovery" that Mayflower now says it wants to undertake.

The Schlegl Affidavit, however, like all the rest of the pleadings and evidence before this Court, suggests that even this inquiry is likely to be a complete waste of time and money. In her Affidavit, Schlegl testifies that the website at which she found the referenced trademark and photo contains the following text:

> "**Brendamour Moving & Storage, Inc.**, headquartered in Cincinnati, Ohio, has been servicing the needs of its customers nationwide since 1981. Brendamour began as a warehousing, moving, and storage company as an agent of Global Van Lines from 1983 to 1990. Over the years, Brendamour has migrated from the household goods moving business into the store fixture and kiosk installation industry."

*Schlegl Aff. ¶ 7, exh. 4 to Affidavit (emphasis added).*

3

This demonstrates beyond question that the trademark for "Brendamour Logistics" and the website for "brendamourlogistics.com" is owned and used by Defendant Brendamour Moving & Storage, Inc., ***not*** by Logistics, LLC.  The reason the trademark and website for "Brendamour Logistics" are owned and operated by Defendant Brendamour Moving & Storage, Inc. rather than Logistics, LLC is that Logistics, LLC "ceased operations more than ten (10) years ago."  *Owens Affidavit, ¶s 4-8, Exhibit A to Logistics, LLC's Motion*.  All of this supports the dismissal of Logistics LLC for lack of personal jurisdiction.

## CONCLUSION

Mayflower has not pled and cannot possibly show the minimum contacts required for personal jurisdiction over Logistics, LLC.  In light of the uncontroverted evidence, it is clear that the "jurisdictional discovery" Mayflower wants to pursue would be complete nonsense.

For all of the foregoing reasons and authorities provided, the Court should grant Logistics, LLC's Motion to Dismiss for Lack of Personal Jurisdiction.

Respectfully submitted,

**HEIN SCHNEIDER & BOND P.C.**

By: *Trenton K. Bond*
Trenton K. Bond, 50911MO
Henry F. Luepke, 38782MO
2244 S. Brentwood Blvd.
St. Louis, MO 63144
P: 314 863 9100
F: 314 863 9101
tkb@hsbattorneys.com
hfl@hsbattorneys.com

4

5

**<u>Certificate of Service</u>**

  I hereby certify that on August 11, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                *<u>Trenton K. Bond</u>*