UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | |
|---|---|
| MAYFLOWER TRANSIT, LLC ) | |
| ) | |
| Plaintiff, ) | Case No. 4:23-cv-00708 |
| ) | |
| v. ) | |
| ) | |
| BRENDAMOUR MOVING & STORAGE, ) | |
| LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANT PAUL OWENS' MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**

COMES NOW Defendant Paul Owens ("*Owens*"), by and through counsel, and, pursuant to Federal Rule of Civil Procedure 12(b)(2) and the Court's Order dated August 23, 2023, submits this Supplemental Memorandum and attached Exhibits in support of his Motion to Dismiss for Lack of Personal Jurisdiction (*see ECF 45 and 46*).

1. In response to the Interrogatories that Plaintiff Mayflower Transit, LLC ("Mayflower")[1] served upon Owens, Owens confirmed the following facts:

   a. Owens has "not conducted business in the State of Missouri" (*Interrog. Resp. # 2, p. 4, Exh. A)*;

   b. Owens is and has "been an employee of Brendamour Moving & Storage, Inc. ('**BMAY**'). … Other than [his] regular employee paycheck, [Owens has] not received any additional payment or funds from monies paid or received from Mayflower Transit, LLC ('Mayflower') as a result of inflated customer charges

---

[1] Owens' Interrogatory Responses are filed herewith as Exhibit A.

or as a result of any reports or 'overreporting' of inflated customer charges" (*Interrog. Resp. # 1, Exh. A*);

c. "As a Mayflower agent, BMAY participated in a billing system that Mayflower had set up for each of its agents." (*Interrog. Resp. # 1, Exh. A*);

d. Owens "did not enter billing information into the Mayflower system." (*Interrog. Resp. # 1, Exh. A*); and

e. Owens "did not enter data into the system Mayflower had provided to Brendamour Moving & Storage, Inc." (*Interrog. Resp. # 5, p. 5, Exh. A*);

2. At his deposition on the Issue of Personal Jurisdiction[2], Owens testified to the following facts:

a. Owens lives and works full-time in Cincinnati, Ohio. (*Owens Depo. p. 20, lines 4-9; p. 44, lines 2-7, Exh. B*);

b. Owens "once" visited Mayflower in Missouri, "sometime in 2005." (*Owens Depo. p. 46, lines 1-8, Exh. B*);

c. Owens has "never personally logged into the Mayflower system" for recording "transaction data." (*Owens Depo. p. 46, lines 9-23, Exh. B*);

d. Owens "was not the one doing the – making the entries" into the Mayflower system. (*Owens Depo. p. 64, lines 23-25, Exh. B*); and

e. Owens engaged in all transactions related to Mayflower on behalf of and "as part of my role as the General Manager of Brendamour Moving & Storage." (*Owens Depo. p. 93, lines 15-23, Exh. B*).

---

[2] The cited portions of the transcript of Mr. Owens' Deposition on the Issue of Personal Jurisdiction are filed herewith as Exhibit B.

3. Mayflower admits that it "does not allege that Owens is subject to personal jurisdiction in the State of Missouri based on any emails or letters that he directed to Mayflower." (*Mayflower's Ans. to Interrogs. # 4, p. 6, filed herewith as Exhibit C*).

4. "Mayflower is not aware of any transactions or dealings that Owens had with Mayflower outside his capacity as an employee of Brendamour M&S." (*Mayflower's Ans. to Interrogs. # 5, p. 7, Exh. C*).

5. Mayflower "contends Paul Owens is subject to personal jurisdiction in the Federal District Court for the Eastern District of Missouri because he had knowledge of and participated in a fraud and conspiracy directed at a Missouri resident, Mayflower." (*Mayflower's Ans. to Interrogs. # 2, p. 2, Exh. C*).

6. This contention is based upon a section of Missouri's long-arm statute stating that a Missouri court may exercise personal jurisdiction over a non-resident who commits "a tortious act within this state." *Mo. Rev. Stat. § 506.500.1(2)*. This part of the long-arm statute has been interpreted to include "[e]xtraterritorial acts that produce consequences in the state, such as fraud." *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 232 (Mo. 2010); *accord Myers v. Casino Queen, Inc.*, 689 F.3d 904, 910 (8th Cir. 2012).

7. However, absent proof that Owens has had the "minimum contacts" required by the Due Process Clause of the 14th Amendment, the contention that his conduct satisfied the "tortious act" provision of Missouri's long-arm statute is not enough for this Court to exercise personal jurisdiction over him. *Myers*, 689 F.3d at 911 (holding that even if Missouri's long-arm statute were satisfied, the exercise of personal jurisdiction would not be permitted under the Due Process Clause, which "requires that a defendant have certain 'minimum contacts' with the forum state."); *State ex rel. Key Ins. Co. v. Roldan*, 587 S.W.3d 638, 641 (Mo. banc 2019)

(to subject a non-resident defendant to specific personal jurisdiction in Missouri, a plaintiff must plead and prove ***both***:  (1) that the lawsuit arises from one or more of the activities enumerated in the long-arm statute; ***and*** (2) that the defendant has had sufficient minimum contacts with Missouri to satisfy due process).

8. Thus, regardless of the "tortious act" Mayflower alleges against him under Missouri's long-arm statute, Owens lacks the "sufficient minimum contacts with Missouri" necessary for this Court to exercise personal jurisdiction over him. *Id.*

9. This lack of "minimum contacts" is not the only basis for Owens' jurisdictional challenge. *See id.*

10. Even if Owens had had the necessary "minimum contacts," the Court would still lack personal jurisdiction over Owens because Mayflower has not pled or proven a prima facie case of "Fraud" (*Count I*) or "Conspiracy" (*Count II*) against Owens.[3] *Peabody Holdings Co., Inc. v. Costain Grp. PLC*, 808 F.Supp. 1425, 1433 (E.D. Mo. 1992) ("Because the jurisdictional facts, where jurisdiction is based upon a single tort, are identical to the merits of the claim, plaintiffs must make a prima facie showing that defendant has in fact committed the tort alleged in the complaint") (quotation omitted).

11. <u>Conspiracy (*Count II*)</u>

    a. To make a prima facie showing of a claim for Conspiracy, a plaintiff must present evidence showing: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in further of the conspiracy; and (5) the plaintiff was thereby damaged. *Western Blue Print Co. LLC*

---

[3] Counts I and II for "Fraud" and "Conspiracy" are the only two claims alleged against Owens. *Amended Complaint (ECF # 8).*

4

*v. Roberts*, 367 S.W.3d 7, 22 (Mo. banc 2012).  Mayflower presents no such evidence.

b. Moreover, Mayflower cannot make such a showing because "[t]here can be no conspiracy between an agent and a principal." *Mika v. Central Bank of Kansas City*, 112 S.W.3d 82, 94 (Mo. App. 2003).  "[T]he general rule holds that a corporation cannot conspire with its own employees." *Id.*  Owens is only an employee of Brendamour Moving & Storage. (*Interrog. Resp. # 1, Exh. A*).  As a matter of law, he could not have conspired with Brendamour Moving & Storage. *Id.*

12. *Fraud* (*Count I*)

a. Mayflower's Complaint fails to plead a submissible claim for Fraud. Claims of Fraud are subject to the pleading requirements of Rule 9(b).  A complaint subject to Rule 9(b) must "specify[] the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Streambend Props II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015).  *See Mitec Partners, LLC v. U.S. Bank Nat'l Ass'n*, 605 F.3d 617, 622 (8th Cir. 2010); *see also Arthur v. Medtronic, Inc.*, 123 F. Supp. 3d 1145, 1149 (E.D. Mo. 2015) (dismissing fraud claim for failure to comply with Rule 9(b)).

In spite of Rule 9(b), Mayflower, under its "Fraud" claim, has not pled any allegations with any specificity as to Paul Owens.  No details and no examples are provided of what Owens said, to whom he said it, where he said it, when he said it, what he intended when he said it, or exactly how Mayflower relied upon it.

    Count I fails to state a prima facie claim of Fraud against Owens. The Court, therefore, lacks the basis it needs before exercising long-arm jurisdiction over Owens.

b. Moreover, Mayflower has not produced the evidence necessary to make a prima facie case of "Fraud" against Owens. In particular, Mayflower has submitted no evidence to show that Owens either personally intended to deceive Mayflower or that Mayflower sustained any damages as a result of the "inflated" customer charges alleged against Brendamour Moving & Storage. To the contrary, the evidence produced in jurisdictional discovery shows:

- "In or about the Fall of 2010, [Brendamour Moving & Storage] ("**BMAY**") started entering customer order information that did not reflect the actual charges BMAY had invoiced to its customers. Until sometime in 2014, the inaccurate entries resulted in excessive credits to BMAY's agency account with Mayflower. As a result, until 2014, Mayflower annually paid BMAY more money than BMAY paid Mayflower. Thus, until 2014, the inaccurate entries benefited BMAY to Mayflower's detriment. BMAY's inaccurate entries continued in 2015; however, starting in 2015, the inaccurate entries benefited Mayflower to BMAY's detriment, with BMAY annually paying Mayflower more money than it received from Mayflower. BMAY's excessive payments to Mayflower continued each year from 2015 to April 2023" (*Interrog. Resp. # 1, Exh. A*);

- "As a result of BMAY's inaccurate entries into Mayflower's billing system between 2010 and 2023, BMAY paid Mayflower a net amount of over $10

> million more than Mayflower had paid to BMAY during this time period." (*Interrog. Resp. # 1, Exh. A*);
>
> - The inflated or inaccurate entries BMAY input into Mayflower's system did not benefit Owens. (*Interrog. Resp. # 1, Exh. A*);
>
> - Those entries were for the benefit of Mayflower and, in fact, benefited Mayflower. (*Owens Depo. p. 49, lines 24-25; page 50, lines 1-8; page 56, lines 16-25; page 57, lines 1-5; 60, lines 19-25; page 61, lines 1-13, Exh. B*).

13. Absent a prima facie showing Mayflower sustained any monetary losses from the "Fraud" or "Conspiracy" alleged against Owens, these claims against Owens fail as a matter of law. *Tindall v. Holder*, 892 S.W.2d 314, 321 (Mo. App. 1994) ("In Missouri, pecuniary loss is an intrinsic element of action sounding in fraud or deceit'") (quoting *Dolan v. Rabenberg*, 360 Mo. 858, 231 S.W.2d 150, 155 (Mo. 1950)).

14. Because Mayflower has neither pled nor presented evidence of all the prima facie elements of Fraud or Conspiracy against Paul Owens, it lacks the factual and evidentiary basis this Court needs before exercising long-arm jurisdiction over Paul Owens. *Peabody Holdings Co.,* 808 F.Supp. at 1433.

15. Also, because Paul Owens lacks the "minimum contacts" with Missouri necessary to satisfy the due process requirements of the 14th Amendment, this Court may not exercise personal jurisdiction over Paul Owens.

## CONCLUSION

Plaintiff Mayflower has not demonstrated either the "minimum contacts" between Paul Owens and the State of Missouri or the prima facie case necessary for long-arm jurisdiction under

Mo. Rev. Stat. § 506.500.  The foregoing authorities and facts of record, as well as those set forth in Mr. Owens' Motion to Dismiss for Lack of Personal Jurisdiction [*ECF 45 and 46*], show that this Court may not exercise personal jurisdiction over Paul Owens.  For these reasons, the Court should grant Mr. Owens' Motion to Dismiss for Lack of Personal Jurisdiction.

Respectfully submitted,

**HEIN SCHNEIDER & BOND, P.C.**

By: *Henry F. Luepke*
Trenton K. Bond, 50911MO
Henry F. Luepke, 38782MO
2244 S. Brentwood Blvd.
St. Louis, MO 63144
P: 314 863 9100
F: 314 863 9101
tkb@hsbattorneys.com
hfl@hsbattorneys.com

*Attorneys for Paul Owens.*

**Certificate of Service**

 I hereby certify that on December 22, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

*Henry F. Luepke*
